HAROLD SEAMAN, PLAINTIFF, v. JOHN BALL, DEFENDANT.

CHARLOTTE SEAMAN, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF HAROLD SEAMAN, DECEASED, PLAINTIFF, v. JOHN BALL, DEFENDANT.

Decided December 4, 1931.

ACKERSON, S. C. C. The above two cases come before me upon rules to show cause why the verdicts obtained by the plaintiffs should not be set aside, and new trials granted, upon the ground that the verdicts are inadequate.

The verdict in favor of the administrator *ad prosequendum* was for $5,000 and the verdict in favor of the general administrator $2,000.

I have carefully read every bit of the testimony in the cases and have reached the conclusion that the verdicts are so inadequate as to be contrary to the great weight of evidence and to indicate that the jury was influenced by passion, prejudice or mistake and the verdicts will, therefore, be set aside and a new trial granted *de novo* in each case, and an order may be presented in accordance with the conclusion thus reached.